# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JUSTICE HOMES INC., an Oklahoma Domestic Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.  CIV-16-956-M ) |
| 1. STATE FARM FIRE AND CASUALTY COMPANY, A Foreign For Profit Insurance Corporation, | ) ) ) ) |
| Defendant. | ) ) |

## **COMPLAINT**

### **A.   Parties**

1. Plaintiff, Justice Homes Inc., is a domestic corporation incorporated and organized under the laws of the State of Oklahoma.

2. The principal place of business for Justice Homes Inc. is Oklahoma City, Oklahoma.

3. Defendant, State Farm Fire and Casualty Company, is a foreign for profit insurance corporation incorporated and organized under the laws of the State of Illinois.

4. The principal place of business for Defendant, State Farm Fire and Casualty Company, is Bloomington, Illinois.

5. The Defendant, State Farm Fire and Casualty Company, is licensed to

conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

6. This action is not related to any other case filed in this Court.

## B. Jurisdiction

7. The court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

8. Plaintiff, Justice Homes Inc., constructed a custom home located at 4301 Stirrup Lane, Edmond, Oklahoma.

9. At all times material hereto, the Plaintiff, Justice Homes Inc., was insured under the terms and conditions of rental dwelling insurance policy, policy number 96-BQ-M-842-8, issued by the Defendant, State Farm Fire and Casualty Company, which provided coverage for the above described home.

10. On or about March 1, 2014, Plaintiff's personal property, including building equipment and appliances, was stolen from the above described home.

11. At all times material hereto, Plaintiff, Justice Homes Inc., complied with the terms and conditions of its insurance policy.

12. Theft is a covered peril not otherwise excluded pursuant to the terms and conditions of the policy issued by the Defendant, State Farm Fire and Casualty

Company.

### D. Count I: Breach of Contract

13. Plaintiff, Justice Homes Inc., hereby asserts, alleges and incorporates paragraphs 1-12 herein.

14. The property insurance policy number 96-BQ-M-842-8, issued by Defendant, State Farm Fire and Casualty Company, was in effect on March 1, 2014.

15. The acts and omissions of Defendant, State Farm Fire and Casualty Company, in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought.  Defendant's breach of contract includes, but is not limited to, an improper investigation and claim adjustment which resulted in an improper denial of coverage for Plaintiff's theft loss.  Defendant, State Farm Fire and Casualty Company, improperly and unreasonably denied Plaintiff's claim when the above mentioned loss was covered pursuant to the terms and conditions of the policy purchased by Plaintiff.

### E. Count II: Bad Faith

16. Plaintiff, Justice Homes Inc., hereby asserts, alleges and incorporates paragraphs 1-15 herein.

17. The acts and omissions of the Defendant, State Farm Fire and Casualty

Company, in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

18. Defendant, State Farm Fire and Casualty Company's unreasonable and bad faith actions include, but are not limited to, its willful and unreasonable failure to adequately adjust Plaintiff's loss. Defendant's improper investigation and adjustment of Plaintiff's claim resulted in a denial of coverage for Plaintiff's theft claim. Defendant, State Farm Fire and Casualty Company, improperly and unreasonably denied Plaintiff's claim, without any reasonable basis, when the above mentioned loss was covered pursuant to the terms and conditions of the policy purchased by Plaintiff. Defendant denied Plaintiff's claim by utilizing policy language from an endorsement which was not included in the policy sold to Plaintiff. When Plaintiff requested that Defendant provide a certified copy of the insurance policy, Defendant unreasonably refused to do so.

19. Defendant, State Farm Fire and Casualty Company, acted unreasonably, outside of insurance industry standards, and in bad faith by failing to reasonably and properly adjust and issue claim payments to the Plaintiff, Justice Homes Inc., for the covered theft loss.

20. Further, Defendant acted unreasonably and outside of insurance industry standards by failing to respond to reasonable requests by Plaintiff and its

representatives, including a request that a certified copy of the policy be sent to Plaintiff. Defendant unreasonably refused to provide Plaintiff or its representatives with a certified copy of the insurance policy containing the endorsement which Defendant purports to be a part of the insurance policy sold to Plaintiff and upon which coverage for Plaintiff's theft claim was denied.

### F. Count III: Actual Fraud, Deceit, and Misrepresentation

21.   Plaintiff, Justice Homes Inc., hereby asserts, alleges and incorporates paragraphs 1-20 herein.

22.   During the adjustment of the claim which forms the basis of this action, the Defendant, State Farm Fire and Casualty Company, fraudulently averred to Plaintiff that Plaintiff's theft loss was excluded pursuant to "Theft Endorsement FE-7305.1". Defendant fraudulently averred to Plaintiff that this endorsement was contained within the policy which was sold to Plaintiff. When Plaintiff requested a certified copy of the insurance policy, Defendant further fraudulently averred to Plaintiff that Defendant is not authorized to provide certified copies of insurance policies to first party insureds and/or their representatives.

23.   At the time that the Defendant, State Farm Fire and Casualty Company, made these representations to Plaintiff, it was aware of their falsity, or in the alternative, made these assertions recklessly, without any regard as to their truthfulness.

24. The Defendant, State Farm Fire and Casualty Company, made these representations to Plaintiff with the intention that the Plaintiff, Justice Homes Inc., would rely upon them.

25. The Plaintiff, Justice Homes Inc. did in fact detrimentally rely on the representations made by Defendant, State Farm Fire and Casualty Company.

26. As a result of Plaintiff's reliance on the representations made by Defendant, State Farm Fire and Casualty Company, the Plaintiff, Justice Homes Inc., has sustained legally cognizable injuries, including but not limited to monetary losses, contract damages and extra-contractual damages.

### G. Punitive Damages

27. Plaintiff, Justice Homes Inc., hereby asserts, alleges and incorporates paragraphs 1-26 herein.

28. The unreasonable conduct of the Defendant, State Farm Fire and Casualty Company, in the handling of Plaintiff's claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiff for which punitive damages are hereby sought.

### H. Demand for Jury Trial

29. Plaintiff, Justice Homes Inc., hereby requests that the matters set forth herein be determined by a jury of its peers.

# I. Prayer

30. Having properly pled, Plaintiff, Justice Homes Inc., hereby seeks contractual, bad faith, fraud, and punitive damages against the Defendant, State Farm Fire and Casualty Company, all in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
McGrew, McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFF**