# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTICE HOMES INC., an Oklahoma Domestic Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. CIV-16-956-M ) |
| STATE FARM FIRE AND CASUALTY COMPANY, A Foreign For Profit Insurance Corporation, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, filed September 15, 2016. On October 5, 2016, plaintiff filed its response, and on October 12, 2016, defendant filed its reply.

I.  Introduction

Plaintiff constructed a custom home located in Edmond, Oklahoma. Plaintiff was insured under the terms and conditions of a rental dwelling insurance policy issued by defendant, which provided coverage for the custom home. On or about March 1, 2014, plaintiff's personal property, including building equipment and appliances, was stolen from the custom home. Plaintiff submitted a claim for policy benefits to defendant, and defendant denied plaintiff's theft claim.

On August 19, 2016, plaintiff filed the instant action against defendant alleging claims for breach of contract, bad faith, and actual fraud, deceit, and misrepresentation. Defendant now moves this Court to dismiss plaintiff's breach of contract claim and plaintiff's fraud, deceit, and misrepresentation claim. Specifically, defendant asserts that plaintiff's breach of contract claim is time barred and that plaintiff failed to adequately plead a fraud claim.

II. Breach of Contract Claim

Defendant contends that plaintiff's breach of contract claim is barred by the statute of limitations. The insurance policy at issue provides, in pertinent part: " No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the date of loss or damage." Rental Dwelling Policy at 8, ¶ 8. Oklahoma law provides:

> No policy delivered or issued for delivery in Oklahoma and covering a subject of insurance resident, located, or to be performed in Oklahoma, shall contain any condition, stipulation or agreement . . . (3) limiting the time within which an action may be brought to a period of less than two (2) years from the time the cause of action accrues in connection with all insurances other than property and marine and transportation insurances; in property and marine and transportation policies such time shall not be limited to less than one (1) year from the date of occurrence of the event resulting in the loss. Any such condition, stipulation or agreement shall be void, but such voidance shall not affect the validity of the other provisions of the policy.

Okla. Stat. tit. 36, § 3617. The Oklahoma Supreme Court has held that theft is casualty insurance and pursuant to section 3617, the statute of limitations for theft cannot be limited to less than two years. *See Wagnon v. State Farm Fire and Cas. Co.*, 951 P.2d 641, 646-47 (Okla. 1998). Accordingly, the Court finds that the one year statute of limitations set forth in the insurance policy at issue is void under section 3617.

Additionally, the Oklahoma courts have found that "where the insurance policy covers losses from multiple perils, and the multiple perils are subject to different commencement-of-action periods, an action against the insurer must be commenced within the period prescribed for the particular peril causing the claimed loss." *Burwell v. Mid-Century Ins. Co.*, 142 P.3d 1005, 1008 (Okla. Civ. App. 2006). Plaintiff contends the applicable statute of limitations for a breach of

2

contract claim relating to a casualty insurance policy is five years under Okla. Stat. tit. 12, § 95(A)(1); defendant contends the applicable statute of limitations is two years under section 3617.

Having carefully reviewed the Oklahoma statutes and Oklahoma case law, the Court finds that the applicable statute of limitations in this case is five years. Specifically, the Court finds that section 3617 does not establish a two year statute of limitations for claims relating to casualty insurance policies; section 3617 simply provides that the statute of limitations cannot be limited to less than two years.[1] The Court also finds that there is no specific statutory limitation on claims brought relating to casualty insurance. The Court, therefore, finds that the five year limitation period for contracts set forth in Okla. Stat. tit. 12, § 95(A)(1) would apply in this case. The Court further finds that since plaintiff filed the instant action approximately two and a half years after the loss occurred, plaintiff's breach of contract claim is not time barred and should not be dismissed.

III.     Fraud, Deceit, and Misrepresentation Claim

Defendant contends that plaintiff fails to allege fraud/deceit with any degree of particularity and, therefore, fails to state a claim. Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] The Court would note that in the *Wagnon* opinion, the Oklahoma Supreme Court never expressly or implicitly finds that section 3617 establishes a two year statute of limitations. Further, the Court would note that in *Ryals v. State Farm and Cas. Co.*, No. 08-CV-91-JHP-FHM, 2008 WL 4542886 (N.D. Okla. Oct. 7, 2008), a case relied on by defendant, the parties agreed that the applicable statute of limitations was two years.

> alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Additionally, Federal Rule of Civil Procedure 9(b) governs the pleading of special matters, including fraud claims. Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). The Tenth Circuit has found that Rule 9(b) requires a plaintiff to plead "the who, what, when, where and how of the alleged [claim]" or, in other words, "to identify the time, place, content, and consequences of the fraudulent conduct." *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010) (internal citations and quotations omitted).

4

Having carefully reviewed plaintiff's Complaint, the Court finds that plaintiff has set forth sufficient facts to state a claim for actual fraud, deceit, and misrepresentation. Specifically, the Court finds that plaintiff has pled the who, what, when, where, and how of its fraud claim. Plaintiff specifically alleges that defendant, during the adjustment of plaintiff's claim, fraudulently stated to plaintiff that its theft loss claim was excluded pursuant to a theft endorsement that was part of plaintiff's policy and fraudulently stated that defendant was not allowed to provide plaintiff with a copy of its own policy. The Court, therefore, finds that plaintiff's actual fraud, deceit, and misrepresentation claim should not be dismissed.

IV.    Conclusion

Accordingly, for the reasons set forth above, the Court DENIES defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted [docket no. 6].

**IT IS SO ORDERED this 9th day of November, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE